UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST, | No.  2:16-cv-0660 JAM GGH PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MARTY MARCIANO BOONE, et al., | |
| Defendants. | |

This action was referred to the undersigned by minute order dated March 30, 2016.  (ECF No. 3.)  It was removed from state court on March 30, 2016 by defendants, based on federal question jurisdiction.  Nevertheless, a district court has "a duty to establish subject matter jurisdiction over [a] removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004); see also Kelton Arms Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners Ass'n, Inc., 346 F.3d at 1192 (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  Having reviewed the notice of removal, the court finds that the action should be

1

remanded to state court due to lack of subject matter jurisdiction.[1]

Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994), *overruled on other grounds by* Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 979 (9th Cir. 2012).

A plaintiff may bring suit in federal court if his claim "arises under" federal law. 28 U.S.C. § 1331. In that situation, the court has original jurisdiction. A state court defendant

---

[1] The notice of removal is defective and does not meet the procedural requirements of 28 U.S.C. § 1446. Nevertheless, aside from lack of subject matter jurisdiction, courts do not have authority to remand a case *sua sponte* for a procedural defect under § 1447(c), but can only do so upon a timely motion to remand. Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014). See also Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004), (citing Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc., 254 F.3d 1317, 1320–21 (11th Cir.2001); Page v. City of Southfield, 45 F.3d 128, 132–33 (6th Cir.1995; In the Matter of Continental Cas. Co., 29 F.3d 292, 294–95 (7th Cir.1994); In re Allstate Ins. Co., 8 F.3d 219, 223–24 (5th Cir.1993)).
  A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). In general, a notice of removal must be filed within thirty days of receipt of "the initial pleading setting forth the claim for relief" or service of summons, whichever is sooner. Id., subd. (b). The only exception to the initial pleading requirement is where the initial pleading does not provide grounds for removal, removal may take place within thirty days after defendant receives an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Id., (b)(3).
  Here, defendants have not filed copies of all pleadings, process and orders in the state court action, such as the underlying complaint, but have filed miscellaneous papers, most of which appear to have originated post-judgment. The most significant pleading filed in this court appears to be a writ of possession by the judgment creditor, Deutsche Bank, to obtain real property from defendants under a judgment entered on March 22, 2016. (ECF No. 1 at 23.) Furthermore, not only did defendants fail to remove the action until more than thirty days after receipt of the initial pleading, or any pleading from which the basis for removal could be ascertained, they did so after judgment in the case was already entered. Thus, there is no pending action to remove, and no case or controversy to provide subject matter jurisdiction. See Four Aces Mobile Home Estates v. Lundahl, 35 F.Supp.2d 1337, 1340 (D. Utah 1998). To the extent that defendants may claim that the writ of possession is an "initial pleading," they are informed that subsequent events do not render an action "more removable" or "again removable." Dunn v. Gaiam, Inc., 166 F. Supp. 2d 1273, 1278 (C.D. Cal. 2001) (citation omitted). "Once the right to removal is waived, it is generally waived for all time (and for all defendants), regardless of subsequent changes in the case." Id. at 1278-79. The undersigned notes that all of the aforementioned defects, if raised by plaintiff, would serve as an additional basis for remand.

cannot invoke the federal court's original jurisdiction. But he may in some instances invoke the court's removal jurisdiction. The requirements to invoke removal jurisdiction are often identical to those for invoking its original jurisdiction. The requirements for both relate to the same end, that is, federal jurisdiction.

Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction"). Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. See Vaden v. Discover Bank, 556 U.S. 49, 60, 129 S.Ct. 1262 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir.1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821–22 (9th Cir.1985); FIA Card Servs. v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by defendant on the basis that defendant's counterclaim raised a federal question).

Here, the exhibits attached to the removal petition establish that the state court action is nothing more than a simple unlawful detainer action,[2] as reflected by state court papers attached to the notice of removal indicating defendants were served by the Solano County Sheriff's Department with a Notice to Vacate, based on plaintiff Deutsche Bank National Trust Company's ("Deutsche Bank") writ of possession of real property, which in turn is based on a judgment entered March 22, 2016 in its favor for a Claim of Right to Possession based on a defaulted mortgage loan. (See ECF No. 1, at pp. 22-25.) Defendants' removal petition asserts federal

---

[2] Although defendants have not filed a copy of the underlying complaint, defendants imply that the underlying action was an unlawful detainer action, based on their refusal to vacate real property for which plaintiff had obtained a judgment based on defendants' mortgage loan default.

3

jurisdiction based on 42 U.S.C. §§ 1983, 1985, 1986, 1988; 18 U.S.C. §§ 241, 242, 1341, 1511, 1961-1967; and supplemental jurisdiction.  (ECF No. 1 at 1, 7.)  Such averments do not establish federal question jurisdiction, especially since the writ of possession and supporting exhibits contain no mention of these statutes.  Plaintiff, the apparent trustee of the subject real property in Solano County, California, filed suit in the Solano County Superior Court on November 30, 2015, for a prejudgment claim of right to possession pursuant to Cal. Code Civ. Proc. § 415.46.  (Id. at 24.)  This court has no jurisdiction over such actions, which are brought pursuant to state law and fall strictly within the province of the state court.[3]

      Furthermore, while defendants may seek to raise counterclaims based on federal law in response to plaintiff's foreclosure/unlawful detainer claim, any counterclaim based on federal law must generally be raised in the state court action and does not provide a basis for removal.  "[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction."  Id.

---

[3] Moreover, a writ of possession implies a final state court judgment, the review of which is prohibited by this court.

> Federal district courts do not have jurisdiction over actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (citing D.C. Ct.App. v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)). "The essence of the Rooker–Feldman doctrine is that 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings' " and that "[r]eview of such judgments may be had only in [the United States Supreme Court]." Narey v. Dean, 32 F.3d 1521, 1524 (11th Cir.1994) (second alteration in original) (quoting Feldman, 460 U.S. at 482 (1983)); see also Christophe v. Morris, 198 F. App'x 818, 825 (11th Cir.2006) (per curiam) (unpublished) ("[F]ederal courts are not the proper venue for appealing a state court judgment."). Accordingly, to the extent Harris' removal is an attempt to have this Court review, reverse, or invalidate the state court's writ of possession, it must be dismissed for lack of subject matter jurisdiction pursuant to the Rooker–Feldman doctrine. See Stack v. Mason & Assocs., 245 F. App'x 920, 923–24 (11th Cir.2007) (per curiam) (unpublished).

All Cty. Cumberland v. Harris, No. 1:14-CV-1706-WSD, 2014 WL 6490442, at *4 (N.D. Ga. Nov. 19, 2014)

1  In other words, federal question jurisdiction under 28 U.S.C. § 1331 cannot "rest upon an actual
2  or anticipated counterclaim." Id.; see also Holmes Grp., Inc. v. Vornado Air Circulation Sys.,
3  Inc., 535 U.S. 826, 830, 122 S.Ct. 1889 (2002) ("[T]he well-pleaded complaint rule, properly
4  understood, [does not] allo[w] a counterclaim to serve as the basis for a district court's 'arising
5  under' jurisdiction."); Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for
6  Southern Cal., 463 U.S. 1, 10–11, n. 9, 103 S.Ct. 2841 (1983) ("The well-pleaded complaint rule
7  applies to the original jurisdiction of the district courts as well as to their removal jurisdiction.").
8  Accordingly, based on defendants' removal filing, federal question jurisdiction is not present in
9  this case.
10     Defendants have not provided a sufficient basis to remove the action to federal court.
11 Based on the aforementioned analysis, the court finds that remand is appropriate, because there is
12 no subject matter jurisdiction.
13     For the foregoing reasons, IT IS HEREBY RECOMMENDED that:
14     1. The action be remanded to Solano County Superior Court;
15     2. The Clerk be directed to serve a certified copy of this order on the Clerk of the Solano
16 County Superior Court, and reference the state case number (FCM148075) in the proof of service;
17 and
18     3. The Clerk be directed to close this case.
19     These findings and recommendations are submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen
21 (14) days after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
24 shall be served and filed within seven (7) days after service of the objections.  The parties are
25 advised that failure to file objections within the specified time may waive the right to appeal the
26 ////
27 ////
28 ////

1 | District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2 | Dated: April 5, 2016

3 | /s/ Gregory G. Hollows

4 | UNITED STATES MAGISTRATE JUDGE

8 | GGH:076/Deutsche0660.rem